IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL ROGERS,

    Plaintiff,

vs.                                            **JURY TRIAL DEMANDED**

MARTIN RIVERA, ERWIN YOUNG,
and RON SAAVEDRA, in their individual capacities,

    Defendants.

## COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL AND CIVIL RIGHTS

Plaintiff, by and through the undersigned counsel, brings the following causes of action against Defendants pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

## PARTIES

1.    Plaintiff Paul Rogers is now, and at all times material hereto, has been a resident of Orange County, California.

2.    Defendant Martin Rivera is a Torrance County Sheriff's Deputy who is now and has been at all times material hereto a resident of Torrance County, New Mexico. Defendant Rivera acted in the course and scope of his duties as an employee of the Torrance County Sheriff's Department and under color of state and/or local law. He is sued in his individual capacity for purposes of Plaintiff's claims brought under 42 U.S.C. § 1983.

3.    Defendant Ron Saavedra was a Torrance County Sheriff's Deputy at the time of the incident, who is now and has been at all times material hereto a resident of Torrance

County, New Mexico.  Defendant Saavedra acted in the course and scope of his duties as an employee of the Torrance County Sheriff's Department and under color of state and/or local law.  He is sued in his individual capacity for purposes of Plaintiff's claims brought under 42 U.S.C. § 1983.

4. Defendant Erwin Young was a Torrance County Sheriff's Deputy at the time of the incident complained of herein and is now and has been at all times material hereto a resident of Torrance County, New Mexico.  Defendant Young acted in the course and scope of his duties as an employee of the Torrance County Sheriff's Department and under color of state and/or local law.  He is sued in his individual capacity for purposes of Plaintiff's claims brought under 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

5. Jurisdiction over the federal claims is proper under 28 U.S.C. § 1331.

6. Venue is proper in this court under 28 U.S.C. § 1391(b) because all events giving rise to the claims occurred in in this district and all Defendants reside in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. In the early morning hours of January 7, 2012, Plaintiff Paul Rogers was traveling eastbound on I-40 through Torrance County, New Mexico, in his Recreational Vehicle ("RV") with other individuals.

8. Plaintiff's RV was temporarily pulled over on the side of I-40, at approximately 1:00 or 2:00 am, when Plaintiff began to feel ill, disoriented, and unwell.

9. Plaintiff left his RV and began walking, and running intermittently, down I-40.

10. Plaintiff, being disoriented, began attempting to flag down passing traffic and was otherwise acting erratically and in a manner indicative of someone experiencing a mental health crisis.

11. Multiple passing vehicles and someone from Plaintiff's RV called 911 in reference to Plaintiff having departed the RV in the cold.

12. The person traveling with Plaintiff who called 911 explicitly told the dispatcher, who then informed the individual Defendants, that Plaintiff was experiencing a mental health crisis.

13. Defendants Rivera, Young, and Saavedra were dispatched and/or responded to these 911 calls and knew, or should have known, that Plaintiff was experiencing a mental health crisis.

14. Shortly after receiving the dispatch calls, Defendants Saavedra and Young noticed Plaintiff in the median of I-40 near mile marker 226.

15. Defendants Saavedra and Young stopped their vehicles, initiated contact with Plaintiff, who at this time was requesting help from the deputies, and then tased Plaintiff.

16. Defendants Saavedra and Young restrained Plaintiff, placing him in handcuffs after he was on the ground.

17. Defendants Saavedra and Young then forcibly escorted Plaintiff to Defendant Young's marked Torrance County Sherriff's unit, which was a sports utility vehicle, and detained him in the backseat.

18. Defendants Young and Saavedra then drove, with Plaintiff in the back of Defendant Young's unit, to mile marker 208 where other Torrance County Sheriff's

Deputies, including Defendant Rivera, had located Plaintiff's RV and were speaking with its other occupants.

19. While Defendants Rivera, Young, and Saavedra were talking to the RV's other occupants, Plaintiff, who was still restrained in the back of Defendant Young's unit, began to make noises and various movements as a result of the mental health crisis he was experiencing.

20. Although they were aware by that time that Plaintiff was not well, one or more of the Defendants opened the door to Defendant Young's unit and tased Plaintiff multiple times using a drive stun technique.

21. Defendants Rivera, Young, and Saavedra then attempted to place Plaintiff in leg restraints; unsuccessfully, however, because Defendants had locked the mechanism on the restraints.

22. Defendants Rivera, Saavedra, and Young continued to tase Plaintiff, unnecessarily and without justification, while Plaintiff was restrained in the back of Defendant Young's unit.  The other occupants of the RV witnessed the unnecessary use of force and tasing of Plaintiff.

23. Defendant Young arrested, and then transported Plaintiff to the Torrance County Detention Center where he was booked into custody.

24. Without justification or probable cause, Defendants charged Plaintiff, who was clearly suffering an acute mental health crisis, with two counts of battery upon a police officer and disorderly conduct.

25. All criminal charges against Plaintiff were dismissed with prejudice.

4

26. As a result of the above-described actions of the individual Defendants, Plaintiff suffered extreme mental anguish and emotional distress, physical injuries, and other damages.

27. Defendants Rivera, Young, and Saavedra's acts and omissions, as set forth herein, were intentional, willful, and were done with reckless disregard for Plaintiff's rights and his vulnerable condition, thereby warranting an award of punitive damages.

28. Defendants' acts and omissions, as described above, were a direct and proximate cause of Plaintiff's injuries and damages.

## COUNT I
## EXCESSIVE FORCE (42 U.S.C. § 1983 & FOURTH AMENDMENT)
**(Against All Defendants)**

29. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

30. Any and all actions and omissions by Defendants Rivera, Young, and Saavedra, as alleged herein, occurred within the course and scope of their employment and duties with the Torrance County Sheriff's Department and under the color and pretense of the laws, statutes, ordinances, regulations, customs, and usage of the State of New Mexico and County of Torrance.

31. Plaintiff possesses clearly established rights under the Fourth Amendment to the United States Constitution to be free from excessive force against his person by law enforcement officers.

32. Defendants Rivera, Young, and Saavedra each had a duty to refrain from using excessive force against Plaintiff.

33. Defendants Rivera, Young, and Saavedra each had a duty to refrain from escalating the situation by their interactions with Plaintiff, an individual in need of emergency mental health care.

34. Defendants Rivera, Young, and Saavedra each had a duty to refrain from engaging in reckless or deliberate conduct during the arrest and seizure of Plaintiff which would unreasonably create the need for the use of force.

35. Defendants Rivera, Young, and Saavedra used excessive and unreasonable force against Plaintiff, a non-threatening individual suffering from a mental health crisis.

36. Under the totality of the circumstances, Defendants Rivera, Young, and Saavedra's use of force against Plaintiff was excessive, unreasonable, and violated his constitutional rights.

37. Defendants Rivera, Young, and Saavedra each had a duty to prevent one another from depriving Plaintiff of his constitutional rights.

38. Defendants Rivera, Young, and Saavedra, despite their presence and opportunity, failed to intervene or otherwise take reasonable steps to prevent the unconstitutional deprivation of Plaintiff's constitutional rights and failed to prevent his injuries.

39. The conduct of Defendants Rivera, Young, and Saavedra, described above, constituted unreasonable, unnecessary and unjustified use of excessive force against Plaintiff.

40. This conduct deprived Plaintiff of his right guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable and illegal seizures of the person, as well as to be free from the application of unreasonable and excessive force in connection with such seizures.

41. The conduct of Defendants Rivera, Young, and Saavedra was intentional, unreasonable, reckless, wanton, willful, and callously indifferent to the rights of Plaintiff.

42. The constitutional rights violated by Defendants Rivera, Young, and Saavedra were clearly established prior to January 7, 2012, and any reasonable law enforcement officer would have been aware that the conduct of Defendants Rivera, Young, and Saavedra, as described herein, would violate Plaintiff's constitutional rights.

43. Because Defendants Rivera, Young, and Saavedra had no probable cause to believe that Plaintiff had committed any crime; because Defendants Rivera, Young, and Saavedra could not have reasonably believed that Plaintiff presented a threat to their safety or the safety of others, those Defendants' conduct violated Plaintiff's clearly established Fourth Amendment rights, and any reasonable law enforcement officer would have known that the use of such force on Plaintiff under the circumstances would constitute a violation of his rights.

44. The above-described conduct of Defendants Rivera, Young, and Saavedra was a direct and proximate cause of the deprivation of Plaintiff's clearly established Fourth Amendment rights, as well as the resultant injuries and damages.

## COUNT II
## UNLAWFUL SEIZURE (42 U.S.C. § 1983 & FOURTH AMENDMENT)
### (Against All Defendants)

45. Plaintiff incorporates all of the preceding paragraphs as if fully stated herein.

46. At all times material hereto, and under the totality of the circumstances, Defendants Rivera, Young, and Saavedra's above-described conduct was objectively unreasonable and violated the clearly established rights secured to Plaintiff by the Fourth

Amendment of the United States Constitution to be free from an unreasonable seizure of his person.

47. Defendants Rivera, Young, and Saavedra each had a duty to refrain from violating Plaintiff's constitutional rights.

48. Specifically, Defendants Rivera, Young, and Saavedra had a duty to refrain from engaging in reckless or deliberate conduct leading to the illegal seizure and arrest of Plaintiff, and his subsequent injuries and damages set forth herein.

49. Defendants Rivera, Young, and Saavedra each had a duty to prevent one another from depriving Plaintiff of his constitutional rights.

50. Defendants Rivera, Young, and Saavedra, despite their presence and opportunity, failed to intervene or otherwise take reasonable steps to prevent the unconstitutional deprivation of Plaintiff's constitutional rights and failed to prevent his injuries and damages.

51. The conduct of Defendants Rivera, Young, and Saavedra, described above, deprived Plaintiff of his clearly established constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable and illegal seizure of his person.

52. Because Defendants Rivera, Young, and Saavedra did not have probable cause to believe that Plaintiff had committed any crime, the aforementioned Defendants' conduct violated Plaintiff's clearly established rights.

53. Defendants had no probable cause to arrest Plaintiff, an individual suffering from an obvious mental health crisis, and then charge him with criminal violations.

54.     The constitutional rights violated by Defendants Rivera, Young, and Saavedra were clearly established prior to January 7, 2012, and any reasonable law enforcement officer would have been aware that the conduct of Defendants Rivera, Young, and Saavedra, as described herein, would violate Plaintiff's constitutional rights.

55.     The above-described conduct of Defendants Rivera, Young, and Saavedra was a direct and proximate cause of the deprivation of Plaintiff's clearly established Fourth Amendment rights, as well as the resultant injuries and damages.

56.     The conduct of Defendants Rivera, Young, and Saavedra was intentional, unreasonable, reckless, wanton, willful, and callously indifferent to the rights of Plaintiff.

## PRAYER FOR RELIEF

57.     Plaintiff incorporates all of the preceding paragraphs as if fully stated herein.

58.     As a direct and proximate result of the wrongful and unlawful acts and omissions of all Defendants, as described above, Plaintiff Paul Rogers was physically injured and has suffered and continues to suffer damages, including, but not limited to: emotional distress, anguish, suffering, pain, physical and bodily injuries, humiliation, psychological injuries, indignities, loss of enjoyment of life, deprivation of constitutional rights, invasion of bodily integrity, and other incidental, consequential, and special damages.

59.     As a result of the above-described damages and injuries, Plaintiff is entitled to recover an award of full compensatory damages against all Defendants in amounts to be determined at the trial of this cause.

60.     Plaintiff requests damages in an amount sufficient to compensate him for all injuries and harm he suffered, as well as punitive damages against all Defendants, along with costs of this action, pre- and post-judgment interest as provided by law, reasonable attorneys'

fees as provided by 42 U.S.C. § 1988 and other applicable laws, and such other and further relief as proves just.

    61.    Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM, SCHOENBURG & BIENVENU, LLP

/s/ Brendan K. Egan 1/5/2015
MARC M. LOWRY
BRENDAN K. EGAN
500 Fourth Street N.W., Suite 400
Albuquerque, NM  87102
Phone: (505) 243-1443
Fax: (505)-242-7845
mlowry@rothsteinlaw.com
bkegan@rothsteinlaw.com

*Attorneys for Plaintiff Paul Rogers*