IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL ROGERS,

    Plaintiff

v.                                              1:15-cv-00007 MCA/SCY

MARTIN RIVERA, ERWIN YOUNG, and
RON SAAVEDRA, in their individual
capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's *Motion for Reconsideration* [Doc. 66], in which Plaintiff requests that this Court reconsider its *Order* entered on March 28, 2017 granting Defendants' *Motion for Summary Judgment Based on Res Judicata* [Doc. 43; Doc. 65]. The Court has considered the parties' submissions and the relevant law, and is otherwise fully informed. For the following reasons, the Court **DENIES** Plaintiff's *Motion*.

    I.    **Background**

The details of the underlying action and procedural history leading to this matter are described more fully in this Court's *Memorandum Opinion and Order* filed on January 25, 2016. [Doc. 15] In short, Plaintiff Paul Rogers (Plaintiff) filed a complaint in state court against Defendants Martin Rivera, Erwin Young, and Ron Saavedra (collectively, Defendants) in January 2014 alleging, among other things, violations of the New Mexico Tort Claims Act. [Doc. 15] Plaintiff later filed an *Amended Complaint*

(*State Amended Complaint*). [Doc. 15] Approximately a year later, in January 2015, Plaintiff filed a *Complaint for Violations of Constitutional and Civil Rights* in this Court (the *Complaint*). [Doc. 1; Doc. 15] After alleging facts which, for all relevant purposes, are the same as those alleged in his *State Amended Complaint*, Plaintiff alleges that Defendants used excessive and unreasonable force against him, thereby depriving him of his constitutional rights under the Fourth Amendment of the United States Constitution. [Doc. 1, ¶¶ 35, 39, 40] U.S. CONST. amend. IV. He further alleges that Defendants violated his Fourth Amendment right to be free from unreasonable and illegal seizure and arrest because they lacked probable cause to arrest him. [Doc. 1; Doc. 15]

Five months after Plaintiff filed the *Complaint* in this Court, Defendants moved for dismissal based on the *Colorado River* doctrine and the *Younger* abstention doctrine. [Doc. 6] *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976); *Younger v. Harris*, 401 U.S. 37, 41 (1971). In the *Motion to Dismiss in Lieu of Answer*, Defendants argued that "the complaints are virtually identical with the exception of the detailed [F]ourth [A]mendment claims which follow the fact allegation section in the federal complaint," and that this Court should abstain from exercising jurisdiction over the matter under either the *Colorado River* or *Younger* doctrine in order to preserve judicial resources. [Doc. 6, pg. 3] Defendants also explicitly stated that they "bring this Motion pursuant to Rule 12 and therefore reserve this right to state available affirmative defenses in an Answer, should one become necessary." [Doc. 6, pg. 1, n.1] Defendants went on, "However, Defendants without limitation state the following affirmative defenses: Plaintiff has failed to state a claim under which relief may be

granted; Plaintiff's claims are barred by res judicata, priority jurisdiction, and collateral estoppel; . . . ." [Doc. 6, pg. 1, n.1] In January 2016, this Court held that the two suits were not "parallel proceedings," declined to apply either the *Colorado River* or *Younger* doctrines, and denied Defendants' *Motion to Dismiss in Lieu of Answer*. [Doc. 15]

Defendants then filed an *Answer* to Plaintiff's *Complaint*. [Doc. 18] In the *Answer*, Defendants asserted that "plaintiff has filed this second duplicative complaint in an effort to unnecessarily increase the cost of litigating this claim which is currently be[ing] litigated in state court; therefore, the claim is filed for an inappropriate purpose" [Doc. 18, pg. 9] and that "plaintiff's state[1] claims are barred by the doctrines of collateral estoppel and res judicata." [Doc. 18, pg. 10]

In May 2016, Plaintiff filed a *Motion for Voluntary Dismissal of Case* in state court for dismissal of the *State Amended Complaint* with prejudice. [Doc. 43, ¶ 6; Doc. 52, pg. 5; Doc. 43-2] In the *Motion for Voluntary Dismissal*, Plaintiff stated that "[w]hile Plaintiff . . . and Defendants have engaged in and completed discovery in this matter, that discovery is directly applicable in the parallel federal proceeding involving the individual defendants here and Plaintiff . . . concerning the incident in question." [Doc. 43-2, pg. 1] Plaintiff went on, "Plaintiff[] (and even the Defendants) understand[s] that the costs concerning discovery in this matter are directly applicable to the federal matter, and therefore Defendants will suffer no harm by the dismissal of the state case with prejudice." [Doc. 43-2, pg. 1-2] Plaintiff also stated that "[d]ismissal would actually

---

[1] This statement refers to "state" claims. But since the statement is made as a defense against Plaintiff's *federal* claims, the Court understands it to refer to Plaintiff's federal claims.

work an advantage to Defendants since by pursuing only the federal matter, Plaintiff . . . will forgo his municipal liability claim [and other claims]." [Doc. 43-2, pg. 2]

In an email to Plaintiff's counsel, Defendants' counsel wrote that "[w]hile my clients disagree with some of the assertions made in the motion [to dismiss], they are going to consent in the motion and have the case dismissed with prejudice." [Doc. 52-5 (sent June 3, 10:13 a.m)] Shortly after this email, Defendants filed their response to Plaintiff's motion to dismiss, in which they stated that "Defendants disagree with most of the basis and argument contained in [P]laintiff's motion. However, [D]efendants do not oppose full dismissal with prejudice." [Doc. 43-3, pg. 2 (filed June 3, 12:18 p.m.)] Plaintiff's motion to dismiss with prejudice was granted by the state court the same day. [Doc. 43-7] In July 2016, forty-eight days after the state action was dismissed and roughly eighteen months after Plaintiff filed suit in this Court, Defendants filed a *Motion for Summary Judgment Based on the Doctrine of Res Judicata* [Doc. 43], arguing that Plaintiff's federal suit was barred by the entry of a dismissal with prejudice in the state district court.

In September 2016, Plaintiff filed a *Motion to Substitute Order Granting Dismissal*, in which he requested that the state court "substitute an Order of Dismissal *Without* Prejudice on the basis of mistake under Rule 1-060(b) NMRA." [Doc. 63-1] In his *Motion to Substitute Order Granting Dismissal*, Plaintiff argued that "while it was his intent to dismiss the state claims in order to pursue the federal case, he did not realize that dismissal 'with prejudice' would have a detrimental effect on the claims now pending in federal court." [Doc. 63-1] The federal case was stayed pending resolution of Plaintiff's

*Motion to Substitute Order Granting Dismissal* in state court and Defendants' *Motion for Summary Judgment* in this Court, which depended upon the nature of the state court's dismissal. [Doc. 60]

In February 2017, the state court denied Plaintiff's *Motion to Substitute Order Granting Dismissal*. [Doc. 63-1] The state court held that "courts will not grant relief when the mistake of which the movant complains is the result of an attorney's deliberate litigation tactics" and that "Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts." [Doc. 63-1] It concluded, "It is clear to the [c]ourt that the decision to pursue the case only in federal court was a strategic decision made by counsel with the consent of the Plaintiff." [Doc. 63-1]

Based on the state court's decision, on February 8, 2017, Defendants filed a notice [Doc. 64] that briefing was complete on their *Motion for Summary Judgment Based on Res Judicata* [Doc. 43]. Plaintiff did not dispute that the matter was ripe for decision at that time. Instead, on February 27, 2017, Plaintiff filed an appeal of the state court's denial of his *Motion to Substitute Order Granting Dismissal*. [Doc. 66, Exh. 1] One day after this Court granted Defendants' *Motion for Summary Judgment* on March 28, 2017, and before final judgment was entered pursuant to Rule 58, Plaintiff moved for reconsideration on the ground that the state district court's order was not final because it was pending appeal. [Doc. 66] *See* Fed. R. Civ. P. 58(a) (stating that "[e]very judgment and amended judgment must be set out in a separate document").

## II. Discussion

Plaintiff asserts that the Court should reconsider its order because "the underlying legal issue that this Court rests its decision on has not been resolved by the [s]tate court and the judgment dismissing the case would work a manifest injustice." [Doc. 70, pg. 1] He argues that he is entitled to a reconsideration of the judgment under Rule 59 of the Federal Rules of Civil Procedure. [Doc. 70, pg. 2]

Rule 59(e) provides for motions to "alter or amend" a judgment if the motion is filed within twenty-eight days of the judgment. Fed. R. Civ. P. 59(e). Although a final judgment consistent with Rule 58 has not yet been entered here, Plaintiff's *Motion* is properly considered under Rule 59(e) because the summary judgment order at issue disposed of all claims. *See Wagoner v. Wagoner*, 938 F.2d 1120, 1123 (10th Cir. 1991) (holding that a motion that "questioned the correctness of the district court's statute of limitations analysis[] [wa]s properly deemed filed pursuant to Rule 59(e)" even though it "was filed after the district court announced the action it would take but before formal entry of a final judgment"); *Hilst v. Bowen,* 874 F.2d 725, 726 (10th Cir. 1989) (stating that a motion to alter judgment may be filed under Rule 59 "before a formal judgment has been entered" under Rule 58); *1-800 Contacts, Inc. v. Lens.com, Inc.*, No. 2:07-CV-591 CW, 2011 WL 5403368, at *2 (D. Utah Nov. 4, 2011) (stating that "[t]he court's summary judgment ruling, . . . *did* adjudicate all the claims in this case" and "a judgment disposing of all claims is final under Rule 60(b)" and Rule 59(e)). *Cf. Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch.*, 212 F. App'x 760, 765 (10th Cir. 2007) (discussing

standards applicable to motions to reconsider interlocutory orders where the motion was filed before final judgment was entered).

Under Rule 59(e), "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*.

The crux of Plaintiff's argument is that claim preclusion does not apply because the state district court's judgment did not fully "resolve" the matter because Plaintiff appealed that decision to the New Mexico Court of Appeals. [Doc. 70] Plaintiff's position is contrary to controlling New Mexico law. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the [s]tate in which the judgment was rendered."). In New Mexico, for purposes of claim preclusion, a district court judgment is final notwithstanding a pending appeal. In *Brunacini v. Kavanagh*, 1993-NMCA-157, ¶¶ 34-35, 869 P.2d 821, 827–28, the New Mexico Court of Appeals endorsed the Restatement (Second) of Judgments, which states that

> There have been differences of opinion about whether, or in what circumstances, a judgment can be considered final for purposes of res judicata when proceedings have been taken to reverse or modify it by

> appeal. *The better view is that a judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo*; finality is not affected by the fact that the taking of the appeal operates automatically as a stay or supersedeas of the judgment appealed from that prevents its execution or enforcement, or by the fact that the appellant has actually obtained a stay or supersedeas pending appeal.

Restatement (Second) of Judgments § 13 (1982) cmt. f (Emphasis added); *see Casias v. Sw. Med. Assocs.*, No. CIV. 04-0142 JB/ACT, 2005 WL 3662924, at *4 (D.N.M. Oct. 31, 2005) (stating that "[t]he Restatement rule has been adopted by the federal courts, including the United States Court of Appeals for the Tenth Circuit, and a majority of the states" and collecting cases). Thus, the state district court order "resolved" the issue sufficiently for claim preclusion purposes.

Plaintiff also argues that dismissal of the suit on the ground of claim preclusion would constitute "manifest injustice." [Doc. 70] Plaintiff does not elaborate on the nature of the injustice he would suffer and the Court is not persuaded that such an injustice is manifest here. *See Tri-State Truck Ins., Ltd. v. First Nat. Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (holding that "[w]here reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is apparent to the point of being indisputable" (internal quotation marks and citation omitted)); *Diaz v. King*, No. CV 14-1086 KG/SCY, 2016 WL 8924933, at *2 (D.N.M. Apr. 22, 2016) (stating that "courts have defined manifest injustice as more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." (internal quotation marks and citation omitted)). Moreover, as Plaintiff acknowledges,

should the state district court's ruling be reversed on appeal, Rule 60(b)(5) provides Plaintiff with an avenue for relief. Under that rule, "the court may relieve a party . . . from a final judgment, order, or proceeding [where] the judgment [is] . . . based on an earlier judgment that has been reversed or vacated[.]" Fed. R. Civ. P. 60(b)(5). A judgment is "based on an earlier judgment" when it is based on the doctrines of claim or issue preclusion. *Manzanares v. City of Albuquerque*, 628 F.3d 1237, 1240 (10th Cir. 2010). Thus, here, if the New Mexico Court of Appeals orders the state district court to grant Plaintiff's motion to dismiss the state suit *without* prejudice, rather than *with* prejudice, then Plaintiff may petition this Court for relief under Rule 60(b)(5). *Id.* at 1241 (stating that Rule 60(b)(5) relief "became available" to the plaintiff when the earlier judgment was reversed on appeal); Fed. R. Civ. P. 60(c)(1) (stating that a motion under Rule 60(b)(5) "must be made within a reasonable time").

Finally, Plaintiff argues that Defendants' *Motion for Summary Judgment* should not have been granted because Defendants intentionally "ran out the clock on Plaintiff's ability to file a Rule 59 motion in state court." [Doc. 70] He states that "Defendants' conduct, in intentionally waiting for weeks to file their motion for summary judgment in the federal case, constitutes a waiver of the claim preclusion defense under *Concerned [Residents of S.F. N. v. Santa Fe Estates, Inc.*, 2008-NMCA-042, 182 P.3d 794] as the defense was not raised at the earliest feasible moment." [Doc. 70] For support of this argument, Plaintiff relies on Defendants' statements before this Court and the state district court and argues that the statements are "new evidence" properly considered under Rule 59. [Doc. 70] However, Plaintiff does not provide transcripts or other

evidence of the referenced hearings and there is, therefore, no way for the Court to assess Plaintiff's argument. Even if the Court accepts Plaintiff's assertions, however, reconsideration is not warranted. In this Court's grant of Defendants' *Motion for Summary Judgment Based on Res Judicata*, the Court held that Defendants had not waived the defense of claim preclusion because Defendants had first raised it five months after the federal suit was filed and Plaintiff was on notice that Defendants objected to simultaneous suits. [Doc. 65] The Court's *Order* distinguished *Concerned Residents* and the facts here, noting, inter alia, that Defendants' initial objections were more substantive than in that case. [Doc. 65] Thus, the Court's ruling did not rest on the timing of Defendants' *Motion*. The Court, therefore, declines to reconsider its order on this ground.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's *Motion for Reconsideration* [Doc. 66].

**SO ORDERED this 13th day of November, 2017.**

                                        **M. CHRISTINA ARMIJO**
                                        **Chief United States District Judge**